UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA

- v. -

RICARDO AZAMAR-ALATORRE,
ROGELIO BELTRAN-BELTRAN,
MOISES ZAYA-ROJO,
ALEJANDRO ROSILES-PEREZ,
RAMIRO DIAS,
NURIA FLORES-QUIJADA,

          Defendants.

------------------------------------

**INDICTMENT**

06 CRIM. 1173



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 2 0 2006

## COUNT ONE

The Grand Jury charges:

1.  In or about December 2006, in the Southern District of New York and elsewhere, RICARDO AZAMAR-ALATORRE, ROGELIO BELTRAN-BELTRAN, MOISES ZAYA-ROJO, ALEJANDRO ROSILES-PEREZ, RAMIRO DIAS, NURIA FLORES-QUIJADA, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and object of the conspiracy that RICARDO AZAMAR-ALATORRE, ROGELIO BELTRAN-BELTRAN, MOISES ZAYA-ROJO, ALEJANDRO ROSILES-PEREZ, RAMIRO DIAS, NURIA FLORES-QUIJADA, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess

with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code.

<u>Overt Acts</u>

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

  a. On or about December 4, 2006, ROGELIO BELTRAN-BELTRAN, MOISES ZAYA-ROJO, the defendants, and a co-conspirator not named as a defendant herein ("CC-1"), met in New York, New York, for the purpose of traveling together to Philadelphia, Pennsylvania, to pick-up a shipment of cocaine (the "Shipment").

  b. On or about December 4, 2006, ALEJANDRO ROSILES-PEREZ and MOISES ZAYA-ROJO, the defendants, met in Philadelphia, Pennsylvania, in preparation for the transfer of the Shipment.

  c. On or about December 5, 2006, ROGELIO BELTRAN-BELTRAN, NURIA FLORES-QUIJADA, and RAMIRO DIAS, the defendants, met in Philadelphia, Pennsylvania, in preparation for the transfer of the Shipment.

  d. On or about December 5, 2006, MOISES ZAYA-ROJO and RAMIRO DIAS, the defendants, traveled to a warehouse

(the "Warehouse") in Philadelphia, Pennsylvania, to pick-up the Shipment.

   e. On or about December 5, 2006, RICARDO AZAMAR-ALATORRE, ALEJANDRO ROSILES-PEREZ, and RAMIRO DIAS, the defendants, possessed approximately 40 kilograms of cocaine, approximately $355,290, and packaging materials for narcotics and narcotics proceeds in the Warehouse.

   f. On or about December 5, 2006, RICARDO AZAMAR-ALATORRE, ALEJANDRO ROSILES-PEREZ, and RAMIRO DIAS, the defendants, transferred approximately 10 kilograms of cocaine to MOISE ZAYA-ROJO, the defendant.

   g. On or about December 5, 2006, MOISES ZAYA-ROJO, ROGELIO BELTRAN-BELTRAN, and NURIA FLORES-QUIJADA, the defendants, possessed the Shipment of 10 kilograms of cocaine in New York, New York.

   (Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

   4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, RICARDO AZAMAR-ALATORRE, ROGELIO BELTRAN-BELTRAN, MOISES ZAYA-ROJO, ALEJANDRO ROSILES-PEREZ, RAMIRO DIAS, NURIA FLORES-QUIJADA, the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of

the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to:

  a. a sum of money equal to approximately $5 million in United States Currency, representing the amount of proceeds obtained as a result of the controlled substance offense for which the defendants are liable.

  b. a sum of money equal to approximately $355,290 in United States currency, in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense described in Count One of this Indictment; and

  c. A 2002 BMW X5 with vehicle identification number 5UXFB33522LH35272.

  d. A 1998 Lexus GS 400 with vehicle identification number JT8BH68X7W0003782.

  e. A 2003 Mercury Marauder with vehicle identification number 2MEHM75V53X643095.

  5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited

with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)


  /s/ Betty Bradley        /s/ Michael J. Garcia
FOREPERSON           MICHAEL J. GARCIA
               United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RICARDO AZAMAR-ALATORRE,
ROGELIO BELTRAN-BELTRAN,
MOISES ZAYA-ROJO,
ALEJANDRO ROSILES-PEREZ,
RAMIRO DIAS,
NURIA FLORES-QUIJADA,

Defendants.

### INDICTMENT

06 Cr. _____

(Title 21, United States Code, Section 846.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

12/20/06 Indictment filed. A/W issued for defts:
SAH       Perez and Dias. Case assigned to
          Judge Stein.

                              Fox, J.