UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RICARDO AZAMAR-ALATORRE,

Defendant.

INFORMATION

S4 06 Cr. 1173 (SHS)

COUNT ONE

The United States Attorney charges:

1. From in or about 1993 through in or about December 2006, in the Southern District of New York and elsewhere, RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and object of the conspiracy that RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21 of the United States Code.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 20 2007

3. It was a further part and object of the conspiracy that RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code.

4. It was a further part and object of the conspiracy that RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in a form commonly referred to as "crystal meth," in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code.

(Title 21, United States Code, Section 846.)

**COUNT TWO**

The United States Attorney further charges:

5. From in or about 1996 through in or about December 2006, in the Southern District of New York and elsewhere, RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the

narcotics laws of the United States.

6. It was a part and object of the conspiracy that RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did import into the United States, from a place outside thereof, a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 952, 959 and 960 of Title 21 of the United States Code.

7. It was a further part and object of the conspiracy that RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did import into the United States, from a place outside thereof, a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 952, 959 and 960 of Title 21 of the United States Code.

(Title 21, United States Code, Section 963.)

**COUNT THREE**

The United States Attorney further charges:

8. From in or about 1996 through in or about December 2006, in the Southern District of New York and elsewhere, RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate

Section 1956(a)(1)(B)(i) of Title 18, United States Code.

9. It was a part and an object of the conspiracy that RICARDO AZAMAR-ALATORRE, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfers of hundreds of thousands of dollars in cash, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I).

(Title 18, United States Code, Section 1956(h).)

**FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO**

10. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Information, RICARDO AZAMAR-ALATORRE, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any

manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Information, including but not limited to:

a. a sum of money equal to approximately $50 million in United States Currency, representing the amount of proceeds obtained as a result of the controlled substance offenses for which the defendant is liable.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

**FORFEITURE ALLEGATION AS TO COUNT THREE**

12. As a result of the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged in Count One of this Indictment, RICARDO AZAMAR-ALATORRE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including, but not limited to, the following:

a. a sum of money equal to approximately $50 million in United States Currency.

**Substitute Asset Provision**

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

[signature]
MICHAEL J. GARCIA
United States Attorney

CRIMINAL MEMORANDUM TO DOCKET CLERK

In the event that during an ongoing trial it becomes impossible to submit the original indictment to the docket clerk, for the updating of docket entries, this form should be submitted lieu of the indictment.

UNITED STATES DISTRICT COURT

-----------------------------------------------------------x

UNITED STATES OF AMERICA,

-against-

Ricardo Uzmar - Alatorre

Defendant(s)

-----------------------------------------------------------x

$S^4$

Docket No. 06 CR 1173 - (SHS)

BEFORE: Douglas F. Eaton
U.S.M.J.

Felony Plea Allocution

**THIS ENTRY IS EXACTLY AS IT APPEARS ON THE INDICTMENT:**

Nov. 20, 2007

Deft, pres. with attorney: Erika McDaniels Edwards. AUSA: Jeffrey Brown for Glenn McGorty and Court Reporter: Paula Speer, present. Deft. Fld a Waiver of Indictment to Superseding Indictment, $S^4$ 06 Cr. 1173 (SHS) and a Consent to Proceed before a United States Magistrate Judge on a Felony Plea Allocution referred by Judge Stein. Deft. withdraws plea of not guilty and pleads guilty to Count 1, Count 2 and Count 3 of Superseding Indictment $S^4$ 06 Cr. 1173 (SHS). PSI Ordered. Sentence: March 31, 2007. Magistrate Judge Eaton recommends that Judge Stein accept the proffered plea. Deft. continued detained.

**NOTE: This form should be submitted ever (3) days.**

S/ Eaton, J. U.S.M.J.

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**RICARDO AZAMAR-ALATORRE,**

**Defendant.**

**INFORMATION**

**S4 06 Cr. 1173 (SHS)**

(Title 21, United States Code, Section 846 and 963; Title 18 United States Code Section 1956(h).)

MICHAEL J. GARCIA
United States Attorney.